UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE GLOVER, #981810,

    Petitioner,    Case Number: 2:20-CV-10467

v.    HON. GEORGE CARAM STEEH

RANDEE REWERTS,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION
TO STAY PROCEEDINGS (ECF No. 6) AND CLOSING CASE**

Petitioner Maurice Glover has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his conviction by a jury in Monroe County Circuit Court for conspiracy to commit armed robbery, Mich. Comp. Laws § 750.157a & § 750.529.  He was sentenced to 20 years, 10 months to 40 years in prison.  Now before the Court is Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance.  For the reasons set forth, the Court grants the motion.

**I. Discussion**

Petitioner asks the Court to stay this proceeding while he returns to state court to raise additional claims.  State prisoners must exhaust

-1-

available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner seeks a stay because, although the claims raised in the petition are exhausted, he would like to raise additional, unexhausted claims in state court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court finds a stay is warranted. First, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, Petitioner's claim that his appellate attorney was ineffective may constitute good cause for failing to previously exhaust these claims. *See Wagner v. Smith*, 581 F.3d 410, 419 n.4, 5 (6th Cir. 2009). Finally, based upon the present record, the Court cannot conclude

that these claims are plainly meritless or that Petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78. Under these circumstances, it is not an abuse of discretion to stay this case while Petitioner pursues state remedies.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Petitioner must also ask this court to lift the stay within sixty days of completing state court review. *Id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

**II.     Order**

Accordingly, the Court GRANTS Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance.  (ECF No. 6).  The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE.  If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

The Court further ORDERS that the Clerk of Court shall close this case for statistical purposes only.

Dated:  June 10, 2020            s/George Caram Steeh
                                 GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 10, 2020, by electronic and/or ordinary mail and also on Maurice Glover #981810, Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

s/Brianna Sauve
Deputy Clerk

---